779 F.2d 53
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellant,
v.
JAMES J. HOLBROOKS, Defendant-Appellee.
 85-5266
 United States Court of Appeals, Sixth Circuit.
 10/21/85
 
 REVERSED AND REMANDED
 M.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: LIVELY, Chief Judge; CONTIE, and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court accepted a guilty plea to one count of an indictment containing two charges of violation of 18 U.S.C. Sec. 495, forging and uttering United States checks. The negotiated plea agreement provided for dismissal of one count and a maximum sentence of 15 months on the remaining count without any recommendation on the part of the United States Attorney. At the sentencing hearing approximately one month later the district court, acting on its own motion, dismissed the indictment because of government delay between the time that the defendant was identified and the time of referral of the case to the United States Attorney's office for prosecution. In entering the order of dismissal the district court relied upon Rule 48(b), Fed. R. Crim. P.
 
 
 2
 On appeal the defendant concedes that Rule 48(b) has no application, but argues that it was within the inherent supervisory power of the district court to dismiss the indictment. There was no showing of prejudice to the defendant by reason of preindictment delay or that the action was delayed in order to obtain some unfair advantage for the government. Without these showings, there is no basis for dismissing an indictment on the ground of delay during the pre-indictment period. United States v. Lovasco, 431 U.S. 783 (1977); United States v. Marion, 404 U.S. 307 (1971).
 
 
 3
 After hearing arguments from both parties the court concludes that the district court committed clear error in dismissing the indictment in this case. Accordingly, the judgment of the district court is reversed, and the cause is remanded for sentencing pursuant to the guilty plea heretofore made by the defendant and accepted by the court.